UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON W. PENOYER,

    Plaintiff,

Case No. 1:12-cv-497

Hon. Hugh W. Brenneman, Jr.

vs.

WELTMAN, WEINBERG & REIS CO.,
L.P.A., *et al.*,

    Defendants.
_____/

**OPINION**

This matter is now before the court on defendant Weltman, Weinberg & Reis Co., L.P.A.'s motion for summary judgment (docket no. 33) and defendant Discover Bank's motion for summary judgment (docket no. 36).

**I.    Background**

*Pro se* plaintiff's complaint seeks relief related to alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's claims against defendant Weltman, Weinberg, & Reis CO., L.P.A. ("Weltman") appear in Counts I and II of his complaint. *See* Compl. at pp. 4-5 (docket no. 1). These claims arise from an alleged violation of 15 U.S.C. § 1692g, because Weltman continued collection activity without providing proof or validation of a delinquent account. Plaintiff's claims against defendant Discover Bank ("Discover") appear in Counts I through V of his complaint. *Id.* at pp. 5-10.[1] These claims arise from an alleged violation of the Fair Credit

---

[1] The court notes that plaintiff's complaint includes two different counts identified as Count I and two different counts identified as Count II.

Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, because Discover reported erroneous and inaccurate information about plaintiff to credit reporting agencies, which Discover failed to correct upon receiving plaintiff's May 18, 2011 letter disputing the reported information.

## II. Plaintiff's withdrawal of his claims against Discover

At the April 18, 2013, hearing held on these motions, plaintiff voluntarily withdrew his claims alleged against Discover. The court confirmed plaintiff's desire to withdraw these claims and, accordingly, advised the parties that all claims against Discover would be dismissed. Therefore, it is unnecessary to address the merits of Discover's motion for summary judgment (docket no. 36).

## III. Standard of review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

Plaintiff's claims against Weltman arise from an alleged violation of 15 U.S.C. § 1692g ("Validation of debts"). Specifically, plaintiff alleged that Weltman failed to cease collection efforts in violation of this statute when plaintiff disputed the debt. Section 1692g provides in pertinent part that:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

3

> verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(a) and (b).

The undisputed record shows that on February 4, 2005, Discover placed plaintiff's Discover Card account ending in 5302 with Weltman to collect the outstanding balance owed on that account. Eileen M. Bitterman Aff. at ¶¶ 3-4 (docket no. 34-1). In a letter dated February 7, 2005, which was the initial communication between Weltman and plaintiff on this matter, Weltman identified Discover as the creditor, stated the balance owed to Discover, and gave plaintiff the following notice:

> This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the

> thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty day (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

*Id.* at ¶ 7. Weltman mailed this letter to plaintiff. *Id.* at ¶ 5. Weltman has no record that the letter was returned as undeliverable. *Id.* at ¶ 8.

Weltman subsequently filed a lawsuit on behalf of Discover and against plaintiff in Michigan's 54th District Court on March 31, 2005. *Id.* at ¶ 9. On June 2, 2005, judgment was entered in that court in favor of Discover and against plaintiff in the amount of $4,865.23. Judgment (docket no. 34-1 at p. 12). Plaintiff, through counsel, moved to set aside the judgment on December 12, 2005. Motion to set aside (docket no. 34-1 at pp. 14-16). The motion was denied on January 30, 2006, at which time the parties entered into an "installment agreement". 54th Dist. Ct. Register of Actions (docket no. 34-1 at p. 10). Under the terms of this agreement, plaintiff agreed to pay Discover $50.00 each month commencing on February 20, 2006. *Id.*; Bitterman Aff. at ¶ 14.

The record reflects that plaintiff or his attorney contacted Weltman three times after he entered into the agreement.[2] In a letter dated May 9, 2006, approximately 2 1/2 months after plaintiff agreed to make installment payments on the judgment, plaintiff: proposed to lower the monthly payments from $50.00 to $25.00; asserted that Weltman's garnishment of his wages was in "direct violation" to their agreement; asserted that Discover "is being billed for unlawful collection activities dating back from last year in the amount of $250,000"; asserted that Discover reneged on an agreement to settle this action for $1,800.00; and advised Weltman that he was

---

[2] In an effort to create a thorough record, the court gave plaintiff an opportunity at the motion hearing to identify additional contact between himself and Weltman with respect to this debt. Plaintiff, however, did not identify any such contact.

5

"currently looking for suitable counsel to handle this legal action." Plaintiff's Letter (May 9, 2006) (docket no. 34-1 at pp. 19-20).

In a letter dated June 19, 2009, Attorney Michael F. Mulqueen, on behalf of plaintiff, advised Weltman: that plaintiff has been paying periodically on the judgment but does not know the full balance due; that plaintiff "denies having owed this debt and asserts that he had previously demanded verification of this debt"; that this letter was serving "as a formal request that you provide him with a verification of the original underlying debt, a break down of all payments and garnishments and the full balance due"; and that "[u]ntil further written notice from this firm, this is not a formal letter of retention." Mulqueen Letter (docket no. 34-1 at p. 22).

Then, on May 18, 2010, nearly five years after Discover's judgment, plaintiff sent a letter to Weltman in reference to an "Ignored request to validate debt," involving Discover as the original creditor and the 54th District Court case. Plaintiff's Letter (May 18, 2010) (docket no. 34-1 at p. 24). In this letter, plaintiff contested the debt, stating in pertinent part "I do not owe this debt, nor have I ever been given proper service to the same" and that "[m]y previous request for validation was completely ignored." *Id.* Plaintiff subsequently filed the present action on May 16, 2012. See Compl. (docket no. 1).

Based on this record, Weltman moved for summary judgment on two grounds. First, Weltman contends that plaintiff did not request verification pursuant to 15 U.S.C. § 1692g(b) within 30 days of the initial communication from Weltman back in 2005. Second, Weltman contends that plaintiff's claims were barred by the statute of limitations under 15 U.S.C. § 1692k ("Civil liability"), which provides in pertinent part that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the

6

amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**." 15 U.S.C. § 1692k(d) (emphasis added).

As to Weltman's first ground, plaintiff has presented no evidence to demonstrate that he disputed the validity of this debt within 30 days of receiving Weltman's initial communication (the February 7, 2005 letter) as required by 15 U.S.C. § 1692g(b). Furthermore, plaintiff's claim against Weltman is untimely. Plaintiff's attorney's letter of June 19, 2009 and plaintiff's letter of May 18, 2010, refer to previous demands for verification of the debt, that Weltman failed to provide verification and that Weltman continued to collect on the judgment against plaintiff despite these demands. Assuming, for purposes of this motion, that plaintiff's most recent letter of May 18, 2010 pointed out violations of 15 U.S.C. § 1692g which occurred on or before that date, then plaintiff had one year to file an action under the FDCPA. *See* 15 U.S.C. 1692k(d). Plaintiff, however, did not file his action until May 16, 2012, almost two years after his May 18, 2010 letter. Accordingly, Weltman's motion for summary judgment (docket no. 33) will be granted.

## IV. Conclusion

For the reasons set forth in this opinion, plaintiff's claims against defendant Discover will be **DISMISSED**, Discover's motion for summary judgment (docket no. 36) will be **DENIED** as moot, defendant Weltman's motion for summary judgment (docket no. 33) will be **GRANTED**, and plaintiff's action will be **DISMISSED**. An order consistent with this opinion shall be issued forthwith.


Dated: April 19, 2013  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge